IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | CRIMINAL NO.: 4:13-793 (TLW) |
| ) | |
| v. ) | |
| ) | |
| WILLIAM J. RIVERS, III ) | |

## PRELIMINARY ORDER OF FORFEITURE

This matter is before the court on the motion of the United States for a Preliminary Order of Forfeiture as to Defendant William J. Rivers, III, ("Rivers", "Defendant"), based upon the following:

1.  On August 27, 2013, a three count Indictment was filed charging Rivers with mail fraud; in violation of 18 U.S.C. § 1341.

2.  Pursuant to Fed. R. Crim. P. 32.2(a), the Indictment contained a forfeiture allegation providing that upon River's conviction, certain properties enumerated therein, or equivalent substitute assets, would be subject to forfeiture to the United States. As specified therein, such assets include, but are not limited to the following:

    A.  Cash/ Money Judgment

    A sum of money equal to proceeds the Defendant obtained, directly or indirectly, as the result of all the offenses charged in this Indictment or traceable to such property, that is, a minimum of $3,329,500 in United States currency.

3.  On February 6, 2014, Rivers to plead guilty to Count 3 of the Indictment and in his Plea Agreement, agreed to a forfeiture money judgment in the amount of $1,248,135.

4.  Based upon Defendant's conviction, the court has determined that the property described above is subject to forfeiture, pursuant to 18 U.S.C. § 981(a)(1)(C), and 28 U.S.C. § 2461(c).

5.  The court has determined that the government has established the requisite nexus between the money judgment and the offense for which Rivers has been convicted; therefore, the United States is entitled to a preliminary order of forfeiture, subject to the provisions of 21 U.S.C. § 853 governing third party rights.

Accordingly, it is hereby **ORDERED,**

1.  The below-described property, and all right, title, and interest of the Defendant, William J. Rivers, III, in and to such property, is hereby forfeited to the United States of America, for disposition in accordance with law, subject to the rights of third parties in such property under 21 U.S.C. § 853(n).

2.  FORFEITURE IS ORDERED against Rivers and in favor of the United States in the amount of $1,248,135 along with appropriate costs and interest thereon at the rate provided for in 28 U.S.C. § 1961. The United States may at any time move pursuant to Rule 32.2(e) to amend this Order to substitute property to satisfy the money judgment.

3.  The United States may sell or otherwise dispose of any substitute assets in accordance with law as required to satisfy the above imposed money judgment.

4.  Upon the entry of this Order, the United States Attorney is authorized to conduct proper discovery in identifying, locating, or disposing of the described property, or other substitute assets, in accordance with Fed. R. Crim. P. 32.2(b)(3); and to commence proceedings that comply with statutes governing third party rights, if

applicable.

5.  The government is not required to publish notice regarding the personal money judgment against Defendant; however, the Order shall be recorded in the records of the County Clerk's Office in the County of the debtor's residence, place of business, and any and all other counties in which the debtor has either real or personal property, as a lien thereon.

6.  Upon entry of the criminal judgment, this Order becomes final as to Defendant, and shall be made a part of the sentence and included in the criminal judgment.

7.  The court shall retain jurisdiction to enforce this Order and to amend it as necessary, pursuant to Fed. R. Crim. P. 32.2(e).

8.  The Clerk, United States District Court, shall provide one (1) certified copy of this Order to the United States Attorney's Office.

AND IT IS SO ORDERED.

                                                          TERRY L. WOOTEN
                                                          CHIEF UNITED STATES DISTRICT JUDGE

Columbia, South Carolina

May 7, 2014